UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| FELIX PEDRO ARANDA-MEJIA, | ) | CASE NO. C05-0879-MJP-MAT |
| Petitioner, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| ALBERTO R. GONZALES, et al., | ) | |
| Respondents. | ) | |

INTRODUCTION AND SUMMARY CONCLUSION

On May 11, 2005, petitioner filed, through counsel, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his final order of removal to Nicaragua. (Dkt. #1). Initially, petitioner alleged that the Board of Immigration Appeals erred in concluding that he was not entitled to asylum or withholding of removal, and that he was denied due process due to the ineffective assistance of his former counsel. (Dkt. #1 at 4-5). However, on May 16, 2005, respondents filed a motion to transfer the instant case to the United States Court of Appeals for the Ninth Circuit. The basis of respondents' motion is that such transfer is required by Section 106(c) of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, enacted into law on May 11, 2005. (Dkt. #5 at 1). Petitioner now concedes that transfer is appropriate, and does not object to respondents' motion to transfer his case to the Ninth Circuit Court of Appeals as a Petition for Review. (Dkt. #8).

REPORT AND RECOMMENDATION
PAGE -1

Having carefully reviewed the entire record, I recommend that respondents' Motion to Transfer (Dkt. #5) be GRANTED and this case be transferred to the Ninth Circuit Court of Appeals as a Petition For Review.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner Felix Pedro Aranda-Mejia is a native and citizen of Nicaragua. (Dkt. #1 at 2). On July 3, 1997, he attempted to enter the United States illegally, without admission or parole, at or near San Ysidro, California, and was detained. (Dkt. #1, Ex. A, p. 9). On July 22, 1997, respondents issued a Notice to Appear ("NTA"), alleging that petitioner was removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), because he was present in the United States without being admitted or paroled. On August 6, 1997, petitioner admitted the allegations and conceded his removability. *Id.*

On October 20, 1997, petitioner filed, *pro se*, a Form I-589, seeking asylum, withholding of removal, or in the alternative voluntary departure. (Dkt. #1 at 2). On December 9, 1997, the Immigration Judge ("IJ") denied his applications for asylum, withholding of removal, and voluntary departure. (Dkt. #1, Ex. A). Petitioner appealed, through counsel, the IJ's decision to the Board of Immigration Appeals ("BIA"). (Dkt. #1, Ex. B). On December 31, 2002, the BIA affirmed the IJ's denial of petitioner's applications for asylum and withholding of removal, but reversed the IJ's denial of voluntary departure and granted petitioner thirty days to voluntarily depart the United States. (Dkt. #1, Ex. C, p. 34).

Petitioner alleges that the BIA's decision was mailed to petitioner's counsel Michael Johnson-Ortiz, but not to petitioner. Petitioner further alleges that Johnson-Ortiz failed to notify him of the BIA's decision. Accordingly, petitioner did not know that the BIA had granted voluntary departure or that he had to voluntarily depart within the time frame set forth in the BIA's decision. Petitioner also contends that Johnson-Ortiz failed to advise him that he may be eligible for other rights, including Temporary Protective Status, and protection under the

Convention Against Torture. (Dkt. #1 at 3-4).[1]

On March 10, 2005, the Bureau of Immigration and Customs Enforcement ("BICE") arrested petitioner at his place of employment in Bellingham, Washington. On May 9, 2005, the BICE obtained a provisional passport to return petitioner to Nicaragua pursuant to his removal order. (Dkt. #5 at 2).

On May 11, 2005, petitioner filed the instant habeas petition (Dkt. #1), along with an emergency motion for stay of removal (Dkt. #2). On May 16, 2005, respondents filed an opposition to petitioner's emergency motion for stay of removal and a motion to transfer the case to the Ninth Circuit Court of Appeals. (Dkt. #5). On May 24, 2005, petitioner filed a Response to Motion to Transfer and Reply on Motion for Stay. (Dkt. #8). The briefing is now complete and the motion to transfer is ready for review.

## DISCUSSION

On May 11, 2005, the REAL ID Act was enacted into law. REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231. Section 106(a) of the REAL ID Act purports to eliminate habeas corpus jurisdiction under 28 U.S.C. § 2241 to review final orders of removal, deportation, or exclusion entered under the Immigration and Nationality Act. Section 106(b) of the REAL ID Act provides that Section 106(a) is retroactive and "shall take effect upon the date of enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment."

Section 106(c) of the REAL ID Act further provides that district courts must transfer any pending habeas corpus petitions challenging final administrative orders of removal, deportation, or exclusion (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed. The Court of Appeals must then treat the transferred case as if it had been filed

---

[1] The Washington State Bar Association admonished Michael Johnson-Ortiz on December 15, 2003, and then disbarred him on September 15, 2004. (Dkt. #1, Ex. D).

REPORT AND RECOMMENDATION
PAGE -3

pursuant to a Petition for Review. REAL ID Act § 106(c).

Here, petitioner challenges the BIA's final order of removal entered on December 31, 2002. However, the amendments made to the INA by the REAL ID Act appear to eliminate habeas corpus review of final orders of removal and instead direct that such challenges to final orders of removal be filed in the appropriate court of appeals via a petition for review. See REAL ID Act § 106(a). Accordingly, the instant habeas petition should be transferred to the Ninth Circuit Court of Appeals for resolution as a Petition for Review in accordance with Section 106(c) of the REAL ID Act.

## CONCLUSION

For the foregoing reasons, I recommend that respondents' Motion to Transfer be granted and this case be transferred to the Ninth Circuit Court of Appeals as a Petition For Review pursuant to Section 106(c) of the REAL ID Act. A proposed Order accompanies this Report and Recommendation.

DATED this  25th  day of May, 2005.

_____
Mary Alice Theiler
United States Magistrate Judge